# EXHIBIT A

DUPLICATE ORIGINAL

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF BERRIEN

* * * * * *

| | | |
|---|---|---|
| CORINA DEMEYER KLEPPE,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN MIDDAUGH and<br>NEW PRIME, INC.,<br><br>Defendants. | : | File No.: 26-0325-NI<br><br>Hon. CHARLES T. LASATA |

* * * * * *

Daniel J. Armstrong (P75382)
Attorneys for Plaintiff
Keller & Keller
814 Port Street
St. Joseph, Michigan 49085
(269) 983-7333
darmstrong@2keller.com

---

**There is no other known pending civil action arising out of the transaction or occurrence alleged in this complaint.**

**PLAINTIFF'S COMPLAINT**

**NOW COMES** Plaintiff, Corina DeMeyer Kleppe, by and through her attorneys, KELLER & KELLER, and for her complaint against the above-named Defendants, states as follows:

1. Plaintiff, Corina DeMeyer Kleppe ("Plaintiff"), at all relevant times to this lawsuit, was a resident of Berrien County, Michigan.

2. At all relevant times, Defendant STEPHEN MIDDAUGH ("Defendant MIDDAUGH"), was a resident of Louisville, Stark County, Ohio.

3. At all relevant times, Defendant NEW PRIME, INC. ("Defendant NEW PRIME"), was a motor carrier incorporated in Nebraska with its principal place of business located in Springfield, Missouri, and conducting business in Berrien County, Michigan.

4. This case arises out of a motor vehicle collision that occurred in Berrien County, Michigan.

5. The amount in controversy exceeds $25,000.00 exclusive of costs, interest, and attorney fees.

6. At all relevant times, Defendant MIDDAUGH operated a tractor-trailer owned by Defendant NEW PRIME while in the course and scope of his employment with Defendant NEW PRIME and with its express consent. As such, Defendant NEW PRIME is vicariously liable for Defendant MIDDAUGH's negligence pursuant to the doctrine of respondeat superior as well as Michigan's owner liability statute, MCL 257.401.

7. On October 31, 2023, at approximately 11:29 p.m., Plaintiff was operating a 2019 Ford Edge, traveling eastbound on US Highway 12 near the US-31 Bypass in Bertrand Township, Berrien County, Michigan.

8. At the same time and place, Defendant MIDDAUGH was operating a 2023 Freightliner, owned by Defendant NEW PRIME, pulling an enclosed trailer, and had just exited the US-31 bypass and was attempting to make a left turn to head westbound on US Highway 12.

9. At that time and place, Defendant MIDDAUGH knew or should have known of the wintry weather conditions and yet still attempted to execute his left turn across Plaintiff's lane of travel after he observed her oncoming vehicle. While doing so, he negligently operated his

tractor-trailer in such a way that it became stuck in a position that blocked traffic on US-12.

10. As Plaintiff approached on US-12, she suddenly encountered Defendants' tractor-trailer blocking the roadway, resulting in a massive collision that caused her vehicle to become wedged and trapped underneath Defendants' trailer.

11. As a direct and proximate result of the collision, Plaintiff suffered severe and permanent personal injuries.

## COUNT I: AUTOMOBILE NEGLIGENCE – MIDDAUGH

12. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 11 as if fully set forth herein.

13. At the time of this collision, Defendant MIDDAUGH owed certain duties to the general public, and particularly to Plaintiff, to operate the Freightliner tractor-trailer in a reasonably safe manner so as to avoid causing unnecessary injuries to others, as well as to refrain from violating traffic laws and Michigan motor carrier laws and/or regulations.

14. At the time of this collision, Defendant MIDDAUGH breached the above duties in the following ways, including, but not limited to:

    a. Operating his vehicle carelessly and with disregard for the safety and rights of others;

    b. Failing to operate his vehicle on the roadway with due care and circumspection so as not to endanger the person or property of others;

    c. Making an unsafe and improper left turn across Plaintiff's lane of travel;

    d. Failing to yield the right of way to Plaintiff;

    e. Attempting to turn his tractor-trailer across Plaintiff's lane of travel when he knew or should have known that the snow and ice covered roadway would not permit him to safely and timely complete the turn;

f. Failing to maintain reasonable control of his tractor-trailer;

g. Failing to keep a proper lookout for oncoming traffic, including Plaintiff;

h. Failing to warn Plaintiff;

i. Violating the Federal Motor Carrier Safety Regulations, including, but not limited to, Parts 390, 391, 392, 393, 395, and 396, the specific violations of which are to be determined during the course of discovery;

j. Negligence per se for violating applicable Michigan traffic laws and Federal Motor Carrier Safety Regulations, including but not limited to the following:

   i. MCL 257.650(1), by failing to yield the right of way while making a left turn within an intersection to Plaintiff's vehicle, which was approaching from the opposite direction and was within the intersection or so close as to constitute an immediate hazard;

   ii. MCL 257.627(1), by failing to operate the tractor-trailer at a careful and prudent speed that was reasonable and proper, having due regard for the traffic, surface, width of the highway, and the snow, ice, fog, and other conditions existing at the time;

   iii. MCL 257.627(1), by operating the tractor-trailer at a speed greater than that which would permit him to stop within the assured clear distance ahead;

   iv. MCL 257.626b, by operating the tractor-trailer upon a highway in a careless or negligent manner likely to endanger persons or property;

   v. 49 CFR 392.2, by failing to operate the commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it was being operated;

   vi. 49 CFR 392.14, by failing to exercise extreme caution in the operation of a commercial motor vehicle when hazardous

conditions, including snow, ice, and fog, adversely affected visibility or traction;

vii. 49 CFR 392.14, by failing to reduce speed when hazardous conditions existed; and

viii. 49 CFR 392.14, by failing to discontinue operation of the commercial motor vehicle when conditions became sufficiently dangerous and until the commercial motor vehicle could be safely operated.

k. Operating his vehicle in an otherwise careless, reckless, and negligent manner.

15. As a direct and proximate result of Defendant MIDDAUGH's negligence, carelessness, and/or recklessness, Plaintiff has:

1. Suffered personal injuries resulting in permanent physical impairments and disfigurement;

2. Incurred medical expenses;

3. Endured great pain and suffering; and

4. Lost wages,

all of which damages shall continue into the future.

**WHEREFORE** Plaintiff, CORINA DEMEYER KLEPPE, respectfully requests that this Honorable Court enter a Judgment in her favor and against Defendant STEPHEN MIDDAUGH, in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred.

## COUNT II: NEGLIGENCE – NEW PRIME

16. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 15 as if fully set forth herein.

17. At all relevant times, Defendant NEW PRIME exerted authority over Defendant MIDDAUGH's operation of its tractor-trailer, the means and methods employed by Defendant MIDDAUGH in his work, and provided him with the equipment, including, but not limited to, the tractor-trailer and motor carrier license, necessary to accomplish his assigned tasks. As Defendant MIDDAUGH's employer and/or principal, Defendant NEW PRIME is vicariously liable for his negligence.

18. At all relevant times, Defendant NEW PRIME was subject to the Federal Motor Carrier Safety Regulations and owed Plaintiff a duty to use reasonable care in the inspection, maintenance, repair, entrustment, and operation of the tractor-trailer operated by Defendant MIDDAUGH and in the hiring, training, retention, and supervision of the drivers chosen to operate it.

19. At the time of this collision, Defendant NEW PRIME breached the foregoing duties and was negligent and/or reckless in one or more of the following ways, including, but not limited to:

   a. Failing to require Defendant MIDDAUGH to comply with the duties and prohibitions of the driver regulations in violation of Part 390 of the FMCSRs;

   b. Encouraging Defendant MIDDAUGH to violate the FMCSRs in violation of Part 390 of the FMCSRs;

   c. Failing to maintain records and documents as required under Part 390 of the FMCSRs;

   d. Improperly maintaining records and documents in violation of Part 390 of the FMCSRs;

   e. Permitting Defendant MIDDAUGH to operate the vehicle while his ability or alertness was so impaired as to make it unsafe for him to continue to operate the vehicle in violation of Part 392 of the FMCSRs;

f. Requiring Defendant MIDDAUGH to operate a tractor-trailer which it knew was in such a condition as to likely cause an accident or a breakdown of the vehicle in violation of Part 396 of the FMCSRs;

g. Requiring Defendant MIDDAUGH to operate a tractor-trailer in weather conditions that were unsafe for travel, in violation of Part 392 of the FMCSRs;

h. Failing to adequately train Defendant MIDDAUGH when reasonable training would have equipped him with the knowledge and skill to operate and maintain the tractor-trailer in a reasonably prudent manner in violation of Part 391 of the FMCSRs;

i. Failing to require Defendant MIDDAUGH to perform proper space management when operating its tractor-trailer;

j. Operating without adequate safety management controls;

k. Failing to use the same care and caution that a reasonably prudent person or motor carrier would have exercised under the same or substantially similar circumstances, all in violation of Parts 390, 391, 392, 393, 395, and 396 of the FMCSRs;

l. Failing to investigate the competence of the driver of its tractor-trailer;

m. Carelessly investigating the competence of the driver of its tractor-trailer;

n. Failing to utilize reasonably available electronic performance data;

o. Failing to take its vehicle out of service;

p. Failing to do what a reasonably prudent company would do under like or similar circumstances.

q. Allowing its tractor-trailer to be operated by an employee in such a manner as to fail to maintain the vehicle under reasonable control;

20. As a direct and proximate result of Defendant NEW PRIME's negligence, carelessness, and/or recklessness, Plaintiff has:

a. Suffered personal injuries resulting in permanent physical impairments and disfigurement;

b. Incurred medical expenses;

c. Endured great pain and suffering; and

d. Lost wages,

all of which damages shall continue into the future.

**WHEREFORE** Plaintiff, CORINA DEMEYER KLEPPE, respectfully requests that this Honorable Court enter a Judgment in her favor and against Defendant NEW PRIME, INC., in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred.

**COUNT III: OWNER'S LIABILITY – MCL 257.401 – NEW PRIME**

21. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 20 as if fully set forth herein.

22. At the time of the subject motor vehicle crash, Defendant NEW PRIME was the lawful owner of the tractor-trailer being operated by Defendant MIDDAUGH and gave express permission and consent for Defendant MIDDAUGH to drive the tractor-trailer that day.

23. Pursuant to the Michigan Owner's Liability Act, MCL 257.401, Defendant NEW PRIME is liable for all damages and injuries caused by Defendant MIDDAUGH's negligence while he operated the subject vehicle, and specifically is liable and responsible for the damages and injuries suffered by Plaintiff.

24. As a direct and proximate result of Defendant MIDDAUGH's, and thus Defendant NEW PRIME's, negligence, carelessness, and/or recklessness, Plaintiff has:

a. Suffered personal injuries resulting in permanent physical impairments and disfigurement;

b. Incurred medical expenses;

c. Endured great pain and suffering; and

d. Lost wages,

all of which damages shall continue into the future.

**WHEREFORE** Plaintiff, CORINA DEMEYER KLEPPE, respectfully requests that this Honorable Court enter a Judgment in her favor and against Defendant NEW PRIME, INC., in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred.

## COUNT IV: NEGLIGENT HIRING, RETENTION, AND/OR ENTRUSTMENT – NEW PRIME

24. Plaintiff reasserts and realleges each and every allegation contained in paragraphs 1 through 23 as if fully set forth herein.

25. At all times relevant to this lawsuit, Defendant NEW PRIME hired, retained, and/or entrusted its tractor-trailer to Defendant MIDDAUGH despite his incompetency, inexperience, and/or recklessness, which was known or should have been known to Defendant NEW PRIME.

26. As a result of Defendant NEW PRIME's negligent hiring, retention, and/or entrustment of the subject tractor-trailer to Defendant MIDDAUGH on the day of the crash, Defendant MIDDAUGH was in possession of and driving the subject tractor-trailer and breached the duties owed to Plaintiff as set forth in Count I of this Complaint, which are incorporated herein by reference.

27. As a direct and proximate result of Defendant NEW PRIME's, negligence, carelessness, and/or recklessness, Plaintiff has:

a. Suffered personal injuries resulting in permanent physical impairments and disfigurement;

b. Incurred medical expenses;

c. Endured great pain and suffering; and

d. Lost wages,

all of which damages shall continue into the future.

**WHEREFORE** Plaintiff, CORINA DEMEYER KLEPPE, respectfully requests that this Honorable Court enter a Judgment in her favor and against Defendant NEW PRIME, INC., in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred.

Dated: August 25, 2026

Respectfully submitted,

KELLER & KELLER

Daniel J. Armstrong (P75382)
Attorneys for Plaintiff
814 Port Street
St. Joseph, Michigan 49085
(269) 983-7333